MARGARET A. BRADLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bradley v. Commissioner
Docket No. 4191-82.
United States Tax Court
T.C. Memo 1985-364; 1985 Tax Ct. Memo LEXIS 274; 50 T.C.M. (CCH) 487; T.C.M. (RIA) 85364; July 22, 1985. Michael N. Balsamo, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following deficiency and additions to tax in petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
[1] Sec. 6651(a) Sec. 6653(a)
1980
$5,138.18
$1,199.50
$256.90
Petitioner resided in Hollis, New York, when the petition was filed in this case. *275 Petitioner filed a Form 1040 for the year 1980 in which she listed her occupation as "minister," and stated that because she had taken an irrevocable vow of poverty and had received a directive from the head of her Order, her wages were exempt from Federal income tax. She attached to her Form 1040 a vow of poverty and a document containing directions and orders from the Life Science Church. This latter document was dated December 26, 1979. Among other things, it directed and ordered petitioner "to use your occupation as Teacher-Educator as a vehicle and instrument to carry out and put into effect the principles of the Church and Order," to "keep employment and work in order to earn income to use to support yourself and your family as a vehicle to carry out the purpose of this Church and Order," and to "use the income of the Order and Church as you see fit and reasonable to carry out the purposes of the Order." Respondent issued a deficiency notice on January 13, 1982, in which he determined that petitioner was taxable on her wages despite her vow of poverty. In addition, respondent determined that petitioner was liable for additions to tax for failure to file a timely return (section *276 6651(a)), and for negligence or intentional disregard of the rules (section 6653(a)). Petitioner filed a petition with this Court on February 23, 1982, setting forth various constitutional arguments in addition to her argument that her wages should be excluded due to the vow of poverty. In July 1982, respondent sent a letter to petitioner which stated that: The Tax Court has consistently held that income earned by an individual is taxable to that individual, regardless of any alleged vow of poverty made by the individual. We enclose copies to two typical cases, Lynch v. Commissioner, T.C.M. 1980-464, and Minckler v. Commissioner, T.C.M. 1981-343. See also , Wickey v. Commissioner, T.C.M. 1982-60, Greeno v. Commissioner, T.C.M. 1981-521, White v. Commissioner, T.C.M. 1981-147, Hall v. Commissioner, T.C.M. 1981-143, Young v. Commissioner, T.C.M. 1981-109, Lysiak v. Commissioner, T.C.M. 1981-108. The letter went on to warn petitioner that respondent was considering asking the Court to impose damages under section 6673 for bringing her proceeding for delay, and urged petitioner to telephone *277 respondent immediately. Petitioner responded with a letter requesting that respondent "stop these vicious anti-religious attacks at once and apologize for these violations of my constitutionally protected religious rights or you can be certain legal actions will follow." Respondent then wrote to petitioner, requesting among other things a statement of facts distinguishing the instant case from those Tax Court decisions sent to petitioner in respondent's previous letter. Petitioner responded with the following: 1. Lynch v. Comm'r., TCM 1980-464 and Minckler v. CIR, TCM 1981-343 are Tax Court memorandum opinions. As such, they are limited to the fact situations presented therein and are not published in the official Tax Court reports. In Lynch, e.g. he had no religious superior, there was no Church hierarchy. In my case, I do have a religious superior, there is a Church hierarchy (Archbishop, Council of Bishops, etc.). Lynch could not describe the beliefs of his Church, its creed or any of his pastoral duties. The beliefs of my Church and its creed are clearly spelled out in the Holy Bible. My duties as Pastor and Evangelist are also clearly outlined in my directive letter *278 as well as in my Vow of Poverty. Minckler was a Christian Libertarian. I am not. I received theological training and was ordained a minister. I am recognized as such by my congregation and my religious superiors. These facts clearly distinguish these cases from my own. It is also a fact that both Lynch and Minckler were without the assistance of legal counsel to aid them in formulating proper legal bases to substantiate their tax court petitions. (I am currently retaining legal counsel.) Respondent subsequently served upon petitioner a request for production of documents and a request for admissions. Petitioner's response stated that she did not maintain copies of payroll checks, deposit slips, withdrawal slips, or monthly bank statements. On December 28, 1983, petitioner filed with this Court a document stating that she is "not subject to the jurisdiction of the Internal Revenue Service, does not owe any sums, and has no liability * * *." In addition, she asserted that she had the right to a trial by jury. This "notice" was construed by the Court as a motion to dismiss and for trial by jury, and was denied on December 30, 1983. Respondent again warned petitioner one *279 month before trial was scheduled that he intended to move for damages under section 6673, and urged petitioner to set up a conference. Petitioner responded with a letter stating that her attorney was not given enough time to schedule a meeting, and that she did not know how to contact the Internal Revenue agent. She enclosed a "Notice of Revocation" in which she "hereby revoke[d] any Internal Revenue Service and 'Tax Court' jurisdiction to which I may have unwittingly subjected myself during my lifetime." She also stated in this document that she wished to revoke any previously filed income tax returns, and to cancel her signature on any papers filed with the Internal Revenue Service. The case was set for trial on September 18, 1984. Petitioner failed to appear at the calendar call, and thus respondent moved to dismiss the case for failure to properly prosecute (Rule 123(b)), and to impose damages in the amount of $500 pursuant to section 6673. The Court granted the motion to dismiss, and took the motion for damages under advisement. We now hold that respondent's motion should be granted and petitioner is liable for damages under section 6673 in the amount of $500. With *280 respect to actions pending in this Court 120 days after July 18, 1984, section 6673 provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * An action is pending in this Court until a decision is entered. This Court has consistently held that income earned or received by a person in his individual capacity is taxable to that person. E.g., , affd. in an unpublished opinion ; ; ; ; ; ; , affd. without opinion (1st Cir. June 2, 1981). *281 Petitioner was advised as to the Court's position on this issue, and was even provided with copies of two relevant opinions. She informed respondent that her case involved factors that she believed would distinguish her case, yet she made no effort to prepare her case for trial and present evidence as to such factors. Petitioner's position in this case was frivolous and groundless, and she maintained this proceeding with actual knowledge that her position was frivolous.Her failure to prosecute her case is evidence that she brought this proceeding as a means to delay the payment of taxes. Cf. . She has abused the process of this Court and has wasted its resources. We hereby award $500 to the United States. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩